IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA SMITH,

    Petitioner,

v.                                              Civ. 13-17 JAP/GBW

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS & RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. *Doc. 1.* Having reviewed the pleadings and record before the Court, I recommend that this Court dismiss the Petition.

**I.**    **BACKGROUND**

On February 10, 2011, Petitioner Patricia Smith ("Petitioner") was present in her residence in Carlsbad, New Mexico, when the Pecos Valley Drug Task Force (PVDTF) executed a search warrant. *Doc. 8* at 3. During the search, the PVDTF found narcotics, including 31 grams of crack, and 11 of powder cocaine, as well as firearms, including a loaded Pink Charter Arms revolver. *Id.*, Presentence Investigation Report (PSR)[1] at 3-4. When questioned by the PVDTF, Ms. Smith informed them that the narcotics belonged

---

[1] A redacted copy of the PSR is attached hereto as Exhibit 1.

to her husband, Michael De'Shawn Smith, but that she participated in selling them. *Doc. 8* at 3-4. She denied possession of any of the firearms, including the pink firearm, although she did acknowledge that her husband had purchased it for her. *Id.* at 4.

On July 13, 2011, Petitioner was charged with one count of conspiracy for possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), & 846. *See United States v. Smith,* 5:11-cr-01881-JAP [hereinafter *Underlying Case*], doc. 28. Petitioner pled to this count on July 13, 2011. *Underlying Case, doc. 34*. Petitioner was sentenced to 121 months in custody followed by 5 years of supervised release. *Underlying Case*, *doc. 45.*

Petitioner filed the instant Petition on January 8, 2013.

## II.   PETITIONER'S CLAIMS

Petitioner raises five separate grounds for relief in her Petition[2]:

1. She improperly received a two-point enhancement on her sentence because of her possession of a firearm when she was unaware of its existence. *Doc. 1* at 5.

2. Her attorney was ineffective because he initially informed her that her sentence would be from 2-5 years, but later on in the case informed her that it was more likely she would receive 10 years. *Id.*

---

[2] While Petitioner only lists four grounds, she raises two claims in her "Ground Four" that the Court will treat separately. *See doc. 1* at 6.

3. Because Petitioner's charge related to crack cocaine, she believes that she is eligible for a reduction in sentence under the Fair Sentencing Act (FSA), 124 Stat. 2372. *Id.*

4. Because Petitioner cooperated with the PVDTF, she is eligible for a sentence reduction. *Id.* at 6

5. Her attorney was ineffective because he failed to raise her cooperation as an issue for reduction of her sentence. *Id.*

### III.  PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS FAIL

It is well established that defendants have a Sixth Amendment right to effective counsel during the plea process. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). For a petitioner to succeed on a claim of ineffective assistance, he must demonstrate both that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (applying *Strickland* to the plea process). Where a petitioner pled guilty in the underlying criminal case, to prevail in his collateral attack, he must show both that his attorney's performance fell outside "the range of competence demanded of attorneys in criminal cases" *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and that defendant was prejudiced because "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A court "may address

the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998).

Petitioner's two ineffective assistance of counsel claims both deal with alleged deficiencies prior to Petitioner's entry of a guilty plea. However, Petitioner never asserts that, but for counsel's alleged errors, she would have insisted on a trial. In fact, Petitioner complains only about the length of her sentence, first because her counsel changed his estimate as to the length, and second because he failed to mitigate the length by bringing pertinent information to prosecutors. Consequently, each of these claims fails as a matter of law. *See Hill*, 474 U.S. at 60.

Indeed, even if counsel had acted correctly as imagined by Petitioner, there is no reason to believe that Petitioner would have proceeded to trial—Petitioner admitted *during the search of her home* to selling drugs and has shown no inclination to recant that admission. Exhibit 1 at 5. It seems completely improbable that counsel's impugned actions in advising Petitioner would have affected Petitioner's ultimate decision of whether to plead guilty to a conspiracy to sell narcotics charge. Therefore, on these two claims, Petitioner has failed to meet the prejudice prong of *Strickland*.

### IV.    PETITIONER'S REMAINING CLAIMS ARE PROCEDURALLY BARRED

Plaintiff's remaining three claims all relate to the length of the sentence imposed. In particular, Plaintiff claims that she should have received a reduction in sentence for

any or all of the following reasons: 1) her sentence was improperly increased because of the pink revolver; 2) her sentence was not reduced under the FSA; and 3) her sentence was not reduced despite her cooperation with the PVDTF. *Doc. 1* at 5-6. Respondent argues that these claims are procedurally barred. *Doc. 8* at 4-5.

The Tenth Circuit considered an analogous situation in *United States v. Allen*, 16 F.3d 377 (10th Cir. 1994). There, a petitioner was convicted of narcotics trafficking and sentenced according the statute. 16 F.3d at 377-78. Petitioner did not object to the sentence imposed either prior to the sentencing or during the hearing. *Id.* at 378. He was informed of his right to appeal his sentence, but he failed to file such an appeal. *Id.* He then attempted to use a § 2255 petition as a vehicle to challenge the length of his sentence, arguing that he should have been sentenced under the Sentencing Guidelines rather than the statute. *Id.* Although the Court dismissed the petition on different grounds, it noted that "[a] defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.*; *see also United States v. McGaughy*, 670 F.3d 1149, 1159-60 (10th Cir. 2012).

Petitioner here has not attempted a direct appeal. *Doc. 1* at 2. Further, at the plea colloquy, Petitioner testified that 1) she understood her maximum penalty to be a sentence of not less than 10 years; 2) that she had read and understood her plea

5


agreement; and 3) that she was giving up her right to appeal her sentence provided it was within the statutory maximum. *Doc. 8,* Ex.2 at 11:11-17, 14:18-15:5, 20:3-10. Petitioner has not demonstrated that she has a basis for having failed to file a direct appeal challenging her sentence, or that a fundamental miscarriage of justice will arise from this Court's failure to consider her Petition. In fact, Petitioner was sentenced to 10 years, which is far below the statutory maximum of life imprisonment. *Id*. at 11:11-15. In light of the forgoing, Petitioner's remaining three claims should be procedurally barred. *See McGaughy*, 670 F.3d at 1160 n.8 ("Because we find procedural default sufficient to dispose of the claim, we need not review the district court's alternative finding on the merits.").

## VI.   CONCLUSION

Petitioner has failed to demonstrate that her counsel was constitutionally ineffective under *Strickland* during the plea bargaining process and during the entry of her plea. Further, Petitioner's remaining claims as to the length of her sentence are procedurally barred. Consequently, I recommend that the Court DENY Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence, *doc. 1,* and dismiss this case with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**